IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Guadalupe Guerrero,<br><br>              Plaintiff,<br><br>v.<br><br>United States of America,<br><br>              Defendant. | No. 12-CV-370-TUC-RCC<br><br>**ORDER** |

The parties have presented a joint motion which identifies various materials that are, or may be, discoverable under the standard provided by Fed. R. Civ. P. 26(b)(1). These and other materials are, or may be, subject to the Privacy Act, 5. U.S.C. §552a, since they contain witness statements, addresses, and telephone numbers. Furthermore, these materials relate to the incident which is the subject matter of this case. These materials may reference various techniques and methods, which, if disclosed, could compromise law enforcement efforts. For good cause shown,

**IT IS ORDERED granting** the parties' joint motion for protective order (Doc. 22).

**IT IS FURTHER ORDERED** that pursuant to the parties' joint motion, Federal Rule of Civil Procedure 26(c), 5 U.S.C. §552a(b)11, and any other relevant law, the Court hereby enters this Protective Order to govern the dissemination of certain documents in this proceedings, as set forth below.

1. This Order applies to any information produced by a party in this litigation that is designated as CONFIDENTIAL INFORMATION by the producing party. Confidential Information is defined as (1) any information the disclosure of which would be otherwise be prohibited under the Privacy Act, (2) private medical, mental health or financial information, (3) sensitive law enforcement information, and (4) any other information the disclosure of which would otherwise be prohibited by law. Notwithstanding this order, the parties may assert such objections to disclosure as provided by law.

2. If a party seeks the protection of this Order over particular information, the party must designate that information as Confidential Information at or prior to the time of its production by placing on each page and thing to which the producing party believes the designation applies the legend "Confidential Information Subject to Protective Order" or "Confidential". At a time consistent with the Court's Scheduling Order(s), any party may object to the designation of information as Confidential Information by providing counsel for the designating party with written notice of its objection and the reasons for it.

3. The parties agree that the documents protected under this Order shall not be used for any purpose other than litigating this case, or in connection with settlement proceedings. The documents protected hereunder may be disclosed to the following persons only:
    a. Counsel of record;
    b. Other government attorneys representing the agencies involved in this lawsuit;
    c. Bona fide employees of the counsel of record, while assisting in accomplishment of the foregoing purposes, with disclosure only to the extent necessary to enable them to perform same;

   d. The experts, investigators or consultants or others retained by the parties, while assisting in the accomplishment of the aforementioned purposes, with disclosure only to the extent necessary to enable them to perform the same;

   e. Any person who gives testimony in the action, during deposition or trial; however, the materials may not be thereafter retained by any such person;

   f. Plaintiff and Defendants;

   g. The Court and any jury empanelled in this action;

4. While any counsel of record may disclose materials protected by this Order to any expert witness, investigator or consultant employed or retained by the signatory, that counsel of record shall advise such expert witness, investigator or consultant as to the contents, force, and effect of this Order. Furthermore, that counsel of record shall obtain such person's agreement to abide by the provisions hereof.

5. Counsel of record and the parties shall not otherwise disclose the information protected by this Order without first obtaining from the Court an order, upon appropriate motion, permitting such further disclosure.

6. If any counsel of record files with the Court information protected by this Order as an exhibit, that signatory must obtain permission to do so from counsel for the opposing party. Alternatively, the counsel of record may request that the materials be filed under seal. Nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law.

7. Any party reserves the right to redact home addresses, social security numbers, telephone numbers and any other personal identifiable

information of individuals in documents produced that are designated as "Confidential Information".

8. At the conclusion of this litigation, including all appeals from any decision of the district court, all materials subject to this Order shall be returned to the party that originally produced the materials or destroyed.

9. The Court may modify the protective order in the interests of justice or for public policy reasons.

Dated this 6th day of February, 2013.

_____
Raner C. Collins
United States District Judge