**RISNER & GRAHAM** #00089200
Attorneys at Law
100 North Stone Avenue, Suite 901
Tucson, Arizona 85701-1620
(520) 622-7494
**WILLIAM J. RISNER, ESQ.**
State Bar Number: 002257
Pima County Bar Number: 48228
**JESUS R. ROMO VEJAR, P.C.**
177 N. Church Ave., Suite 200
Tucson, Arizona 85701
State Bar Number: 0011307
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **GUADALUPE GUERRERO, for and on behalf of the statutory beneficiaries of the deceased CARLOS LAMADRID**<br><br>**Plaintiff,**<br><br>-vs-<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | NO. CV-12-00370-TUC-RCC<br><br>**SECOND AMENDED COMPLAINT**<br>(Federal Tort Claim Act)<br><br>Assigned to: Raner C. Collins |

Plaintiff Guadalupe Guerrero, in her capacity as the surviving mother of the deceased, CARLOS LAMADRID, and pursuant to Rule 15(a), Federal Rules of Civil Procedure, amends her prior Complaint and alleges as follows:

## JURISDICTION

1. This is an action arising under the Federal Torts Claims Act, 28 U.S.C. §§ 2671 et. seq. and this Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

2. Plaintiff timely filed the requisite FTCA administrative claim pursuant to 28 U.S.C. § 2675, and said claim was rejected by correspondence dated December 16, 2011.

///

## VENUE

3. All acts referred to herein occurred within the District of Arizona, in Cochise County, Arizona, and therefore, venue is proper pursuant to 28 U.S.C. § 1402(b).

## PARTIES

4. At all times herein mentioned, Carlos LaMadrid (hereafter "Decedent") was a citizen of the United States of America.

5. Guadalupe Guerrero (hereafter "Plaintiff"), is the surviving mother of decedent, Carlos LaMadrid. She is the representative plaintiff pursuant to A.R.S. § 12-612, Arizona's Wrongful Death statute for herself and Jesus Carlos LaMadrid, father of the decedent.

6. Defendant, the United States of America, is represented in this Complaint by the United States Border Patrol (hereafter "USBP"), the U.S. Customs and Border Protection (hereafter "CBP"), and/or Immigration and Customs Enforcement (hereafter "ICE") and USBP Agent Lucas Tidwell (hereafter "USBP Tidwell").

7. At all times herein mentioned, USBP Tidwell was acting within the course and scope of his employment with the USBP.

## FACTUAL ALLEGATIONS

8. On March 21, 2011 at approximately 12:10 p.m., officers with the Douglas Police Department reportedly received an anonymous tip that a Chevrolet Avalanche was transporting marijuana.

9. Officers from the Douglas Police Department reportedly spotted the Avalanche and began pursuing the vehicle. The Avalanche refused to pull over and instead made its way to the international border fence separating the Republic of Mexico from the United States of America.

10. Inside the Avalanche was the 19 year old Decedent and a 17 year old male.

11. As the Avalanche neared the border fence, USBP Tidwell arrived at the scene.

12. Upon information and belief, USBP Tidwell who arrived at the scene had no

knowledge of why the Douglas Police Department was in pursuit of the Avalanche or the circumstances which gave rise to the pursuit.

13. The Avalanche stopped at or near Cochise Avenue and the border fence. At that point, the Decedent and his companion exited the vehicle and ran to a ladder which was propped against the border fence.

14. USBP Tidwell also stopped and exited his vehicle.

15. USBP Tidwell then drew his sidearm and took aim at Decedent who was in the process of fleeing the scene by climbing the ladder.

16. USBP Tidwell then fired at least three (3) shots at Decedent, striking Decedent in the back and causing Decedent to fall to the ground.

17. At the time USBP Tidwell discharged his weapon, Decedent was unarmed, was clearly fleeing the scene and had his back to the agent, was in the process of climbing a ladder, and therefore posed no threat whatsoever to the agent or any third party.

18. Upon being shot in the back and falling to the ground, officers from Douglas Police Department handcuffed Decedent's hands and feet and took him to a law enforcement vehicle and called for an ambulance. The ambulance, however, was initially sent to the wrong location thereby delaying its arrival.

19. Prior to the ambulance's arrival, law enforcement provided inadequate first aid despite the obvious gunshot wound that Decedent had sustained.

20. Decedent was eventually transported to Southwest Arizona Medical Center then to Sierra Vista Health Center where surgeons discovered two (2) bullets in Decedent's back and one bullet in his thigh.

21. At or about 4:57 p.m., decedent was pronounced dead on the ongoing operating table. The cause of death was from a loss of blood attributed to the gunshot wounds he sustained approximately five (5) hours earlier.

## COUNT ONE-NEGLIGENCE

22. The allegations of all previous paragraphs are hereby incorporated by reference as if fully set forth herein.

23. At the time USBP Tidwell shot the 19 year old Decedent in the back, the Decedent was unarmed, was clearly fleeing the scene, was in the process of climbing a ladder and posed no threat whatsoever to the agent or third party.

24. USBP Tidwell's decision to shoot the Decedent in the back, while in the scope of his employment and acting under color of law, was reckless, intentional, excessive, unwarranted, grossly negligent and fell below any reasonable standard of care.

25. As a direct and proximate result of the actions of Defendants, Plaintiff and Jesus Carlos LaMadrid have suffered the loss of love, aid, comfort and society of their son, Carlos LaMadrid.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant in a sum that is reasonable and just, as follows:

1. For compensatory damages in such an amount as will be reasonable and just, and will adequately compensate Plaintiff and Jesus Carlos LaMadrid for the loss of love, aid, comfort and society of Carlos LaMadrid, and special damages, including but not limited to loss of financial support and funeral expenses;
2. For costs of the suit legally and necessarily incurred in the pursuit of this action;
3. For attorney's fees pursuant to A.R.S. Section 12-341.01(c) and 12-349, should this suit be defended without substantial justification;
4. For such other and further relief as this Court deems just and proper under

the circumstances.

DATED this 7th day of March, 2014.

**JESÚS R. ROMO VEJAR, P.C.**

**RISNER & GRAHAM**

By: ***s/ William J. Risner***
William J. Risner
Jesus Romo Vejar
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that on March 7th, 2014 a true and correct copy of Second Amended Complaint was served by U.S. Mail and Electronic Mail on the counsel of record for all parties to the action below in this matter as follows:

**LAURA GRIMES**, Special Assistant U.S. Attorney and
**DAVID B. WALLACE,** Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
**UNITED STATES ATTORNEY - DISTRICT OF CALIFORNIA**
*Attorney for Defendant*

DATED this 7th day of March, 2014.

**JESÚS R. ROMO VEJAR, P.C.**

**RISNER & GRAHAM**

By: ***s/ William J. Risner***
William J. Risner
*Attorneys for Plaintiff*