# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Guadalupe Guerrero,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States of America,<br><br>　　　　　Defendant. | No. CV-12-00370-TUC-JAS<br><br>**ORDER** |

　　　　Pending before the Court is Defendant's motion for leave to amend the final pretrial order ("PTO"). *See* Doc. 94. As discussed below, the motion is granted.

　　　　As relevant to Defendant's current motion, the Court previously issued an Order that stated in part: "On page 47 of the PTO, it appears that the Government objects to paroling in several of Plaintiff's witnesses as they were not made sufficiently available for deposition during discovery. However, IT IS ORDERED that the Government may still depose these witnesses prior to trial, and Plaintiff shall make these witnesses available for depositions (if the Government still wants to depose them) at the Douglas Port of Entry at least 30 days before trial. The Government's objection is overruled, and these witnesses shall be paroled in for trial." *See* Doc. 90.

　　　　In the course of preparing for these depositions, Defendant discovered new evidence which it seeks to add to the PTO. Plaintiff filed an opposition arguing in part that Defendant could have discovered this information earlier, and allowing such modification will unnecessarily add complications to the case and could cause delays.

A "district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions . . . will not be disturbed unless they evidence a clear abuse of discretion . . ." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).[1] "A pretrial order is not an inexorable decree and may, under proper circumstances, be modified [to prevent manifest injustice]. . ." *Mechmetals Corp. v. Telex Computer Products, Inc.*, 709 F.2d 1287, 1294 (9th Cir. 1983). The "proper treatment of the pre-trial order after entry requires an appropriate balance between firmness to preserve the essential integrity of the order, and adaptability to meet changed or newly discovered conditions or to respond to the special demands of justice." *Jeffries v. U.S.*, 477 F.2d 52, 55 (9th Cir. 1973); *see also Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (factors that are considered in modifying a final PTO include: "(1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification.")

Based on the record before the Court, there does not appear to be any bad faith on the part of the Government. Rather, as the Court authorized the depositions referenced above, the Government began preparing for those depositions and discovered a new witness that had relevant information, and additional documents came to light that could also be relevant for trial. As soon as the Government became aware of the importance of this information, the Government informed Plaintiff and sought to modify the PTO. As to potential prejudice and the impact on the efficient conduct of the case, this appears to be minimal as Plaintiff has leave to depose the new witness before trial and shall have an opportunity to examine the additional documents before trial; trial is still nearly three months away. In light of the foregoing, Defendant's motion for leave to amend the PTO (Doc. 94) is granted; the following trial witnesses and exhibits will be added to

---

[1] Unless otherwise noted by the Court, internal quotes and citations are omitted when quoting and citing cases throughout this Order.

Defendant's disclosures:

WITNESSES:

1. Michael Presnall- U.S. Department of Homeland Security.

EXHIBITS:

1. Immigration A-Files, Criminal History Reports, and Biographical information of plaintiff and plaintiff's identified Mexican national witnesses.

Dated this 30th day of April, 2015.

        Honorable James A. Soto
        United States District Judge