**RISNER & GRAHAM**  #00089200
Attorneys at Law
100 North Stone Avenue, Suite 901
Tucson, Arizona 85701-1620
(520) 622-7494
**WILLIAM J. RISNER, ESQ.**
State Bar Number: 002257
Pima County Bar Number: 48228
**KENNETH K. GRAHAM, ESQ.**
State Bar Number: 007069
Pima County Bar Number: 21588
*Attorneys for Plaintiffs*
**JESUS ROMO VEJAR**
Jesus Romo Vejar, P.C.
177 N. Church Ave., Ste, 200
Tucson, AZ 85701
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| GUADALUPE GUERRERO, for and on behalf of the statutory beneficiaries of the deceased CARLOS LAMADRID,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 12-CV-00370-TUC-JAS<br><br>**PLAINTIFFS' TRIAL BRIEF**<br><br>Assigned to: Honorable James A. Soto |

This is a wrongful death lawsuit brought by the parents of Carlos LaMadrid pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. and § 1346(b) and Arizona Revised Statutes Sec. 12-611 et seq.

On March 21, 2011 at approximately 12:10 p.m., officers with the Douglas Police Department received an anonymous tip that the caller had seen what he assumed to be a bundle of marijuana loaded into a Chevrolet Avalanche.   Officers from the Douglas Police Department spotted the Avalanche and began pursuing the vehicle.  The Avalanche refused to pull over during the approximate 10 minute chase

and made its way to the international border fence separating Mexico from the United States.

As the chase progressed the United States Border Patrol (USBP) broadcast information to its agents concerning the chase and the suspected marijuana in the vehicle.  USBP Agent Lucas Tidwell was sitting in his service vehicle near the fence looking eastward watching for activity along the fence.  He observed that the Avalanche was heading toward International Avenue on Cochise Avenue, only one block from where he was parked at Rose Avenue.

He started driving slowly eastward (3 to 5 mph) and observed the Avalanche and several police cars following it.  The Avalanche stopped near the fence and Tidwell's service vehicle bumped into the Avalanche.  Tidwell saw Carlos LaMadrid, the driver, get out of the vehicle and run to a ladder leaning on the fence, and a second person run from the passenger side toward the same spot.  A rock thrown over the fence by an unknown person landed on Tidwell's service vehicle and he fired a shot from his pistol from inside his vehicle through his windshield.  Tidwell doesn't recall when or why he shot thorough his windshield.

Tidwell then separated several feet away from his service vehicle behind the vehicle and fired four hollow point bullets into the back of Carlos LaMadrid who was most of the way up the ladder.  Tidwell testified that he fired those bullets at a "bulge" or "silhouette" at the top of the fence.  He testified that his intent in firing those four bullets was not to hit a person but only to "stop the threat."

The defendant has the burden of proof to justify Agent Tidwell's use of deadly force.  A.R.S. § 13-405(2) provides that a person is justified in using deadly physical force against another when and to the degree a reasonable person would believe that deadly physical force is immediately necessary to protect himself against the other's

use or attempted use of unlawful deadly physical force.

The evidence will be undisputed that Carlos LaMadrid did nothing more than run for the fence and was shot in the back climbing a ladder.

Some unknown person did hurl a rock over the fence that hit Agent Tidwell's vehicle. Tidwell never saw a person throw that rock or another rock. Tidwell had anticipated before he drove up to the Avalanche that rocks might be thrown at his vehicle and stated he thought there would be a "Rocking Party." In his past experience Tidwell had dealt with thrown rocks by moving away from the fence. In this case, he came out to shoot and never identified any particular person as being a rock thrower.

Tidwell has testified that in firing the multiple hollow point bullets that hit Mr. LaMadrid he was not trying to hit any specific person, and instead was shooting at the area where he supposed the rocks came from. Mr. LaMadrid was unquestionably innocent of any rock throwing.

A.R.S. § 13-401 makes the justification defense unavailable for in a prosecution for the reckless killing of an innocent third party.

The presence of the ladder at the fence was apparently a happenstance exploited by Mr. LaMadrid. The ladder was 14 feet long of sturdy metal construction. Agent Tidwell's job was to sit in his vehicle and look down the fence and International Road to the east from one block west from the incident site where his vehicle was parked. He did not see anyone placing the ladder. Neither did the Border Patrol agent operating the cameras. Likewise, the construction workers directly across the street from the incident site did not see the ladder placed there. The chase itself lasted

3

approximately 10 minutes having begun at a spot at least 5 minutes of his final stop. Mr. LaMadrid's cell phone showed on examination no text messages or phone calls during the chase.

Carlos was 19 years old at his death and a student at Cochise Community College. His career hope was to be a member of the armed forces. He was the oldest son of Guadalupe Guerrero and Jesus Carlos LaMadrid. He carried the name of his grandfather Carlos LaMadrid. Carlos was an outstanding soccer and baseball player in school and in league play where his father either played or competed with him. Carlos was also an outstanding wrestler at Douglas High School. Carlos was a musician who played the piano, guitar and accordion and worked in his community as a DJ bringing his joyful spirit to others. He was the life of the parties at home and a special joy to his entire family. His loss of life has been catastrophic for his parents.

DATED:     June 19, 2015                           **JESUS ROMO VEJAR, P.C**
                                                   **RISNER & GRAHAM**


                                                   _/s/ William J. Risner_____
                                                   William J. Risner
                                                   *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on June 19, 2015 a true and correct copy of Plaintiff's Trial Brief was served by U.S. Mail and Electronic Mail on the counsel of record for all parties to the action below in this matter as follows:

**DAVID B. WALLACE,** Assistant U.S. Attorney
**SAMUEL BETTWY,** Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
**UNITED STATES ATTORNEY - DISTRICT OF CALIFORNIA**
*Attorneys for Defendant*

DATED: this 19th day of June, 2015.

**RISNER & GRAHAM**

By*: /s/ William J. Risner*

William J. Risner
*Attorneys for Plaintiff*